Filed 8/5/26  Szeto v. Chen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GENE SZETO,<br><br>    Plaintiff, Cross-defendant, and Appellant;<br><br>SHUN C. CHEN,<br><br>    Objector and Appellant,<br><br>            v.<br><br>SUNG YI,<br><br>    Defendant, Cross-Complainant, and Respondent. | G065926<br><br>(Super. Ct. No. 30-2019-01087212)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gassia Apkarian, Judge. Reversed and remanded.

Law Offices of Shun C. Chen and Shun C. Chen for Plaintiff, Cross-defendant, and Appellant Gene Szeto and for Objector and Appellant Shun C. Chen.

Greenberg Glusker Fields Claman & Machtinger and Fred A. Fenster for Defendant, Cross-complainant, and Respondent Sung Yi.

Cross-defendant Gene Szeto and his counsel appeal from an attorney fee order. Because the trial court made the order while a different appeal concerning that same issue was still pending and before remittitur issued, the order is void. We therefore reverse.

FACTS

Szeto filed an unsuccessful anti-SLAPP motion to strike defendant Sung Yi's cross-complaint. The trial court found Szeto's motion was frivolous and ordered Szeto and his counsel to pay Yi $24,880 in attorney fees. (Code Civ. Proc.,[1] § 425.16, subd. (c).) The order did not include specific factual findings to support the award.

Szeto and his counsel appealed. Although we rejected the majority of their challenges to the fee order, we reversed and remanded because the order failed to recite the conduct justifying the fee award. (See §§ 425.16, subd. (c)(1), 128.5, subd. (c).) In our opinion, which we filed on July 2, 2025, we directed the trial court to either enter a new sanctions order in accordance with those provisions, or in the alternative, deny sanctions. (*Szeto v. Yi* (July 2, 2025, G064497) [nonpub. opn.].) We expressly did not reach the issue of whether Szeto's anti-SLAPP motion was frivolous. (See *id.* at p. 5, fn. 4.)

On July 10—before our opinion became final[2] and before remittitur issued—the trial court issued a sua sponte minute order again awarding Yi $24,880 in attorney fees, but this time explaining why Szeto's

---

[1] All further statutory references are to this code.

[2] See California Rules of Court, rule 8.264(b)(1) [decision becomes final 30 days after filing].

anti-SLAPP motion was frivolous. Remittitur issued on September 2. Szeto and his counsel appealed the court's order the following day.

## DISCUSSION

Szeto and his counsel assert the trial court lacked jurisdiction to act before remittitur issued. We agree.

As a general rule, the filing of a valid notice of appeal vests jurisdiction in the appellate court until the appeal is determined and remittitur is issued. (*Stubblefield v. Superior Court* (2025) 108 Cal.App.5th 675, 679–680.) Before then, "'the trial court is divested of' subject matter jurisdiction over any matter embraced in or affected by the appeal." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196–197; see § 916, subd. (a).) Once "remittitur issues, the jurisdiction of the appellate court terminates and the jurisdiction of the trial court reattaches." (*Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 523.)

Given these jurisdictional rules, "'any order the lower court makes affecting an order or judgment on appeal is null and void if made before the remittitur issues.' [Citation.] It makes no difference if the lower court purports to act in accordance with the appellate court's direction, e.g., the disposition of a filed opinion. Such an act exceeds the trial court's jurisdiction." (*People v. Superior Court* (2024) 17 Cal.5th 228, 253.) "'When, as here, there is an appeal from a void judgment, the reviewing court's jurisdiction is limited to reversing the trial court's void acts.'" (*JHVS Group, LLC v. Slate* (2024) 107 Cal.App.5th 30, 35–36.)

In this case, the trial court issued its minute order explaining why Szeto's anti-SLAPP motion was frivolous about a week after we filed our opinion, but six weeks before remittitur issued. Because the court lacked jurisdiction at the time, we must reverse and remand for further proceedings.

3

We do not reach Szeto's remaining arguments about whether his anti-SLAPP motion was in fact frivolous.

Yi asserts the order is valid because the trial court specified its order would only take effect "on remand." This misconstrues the language of the order, which instead stated that the court, "on remand, enters a new sanctions order." The court had no jurisdiction to take any action on the attorney fee issue at that time.

In his briefing and at oral argument, Yi insisted the trial court had the power to act because the issuance of a remittitur is only a "ministerial act." The two cases he cites do not support this position, however, and in fact the more recent of the two confirms our holding that the court lacked jurisdiction. (See *Bellows v. Aliquot Associates, Inc.* (1994) 25 Cal.App.4th 426, 433 ["'the filing of the notice of appeal deprives the trial court of jurisdiction of the cause and vests jurisdiction with the appellate court until issuance of a remittitur by the reviewing court'"]; *Wilson v. Nichols* (1942) 55 Cal.App.2d 678, 681 [trial court had inherent power to correct record to include copy of missing remittitur].)

DISPOSITION

The order is reversed. On remand, after remittitur has issued, the trial court is directed to either enter a new sanctions order in accordance with sections 425.16, subdivision (c), and 128.5, subdivision (c), or in the

alternative, deny sanctions. Szeto and his counsel shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                                SCOTT, J.

WE CONCUR:


MOTOIKE, P. J.


DELANEY, J.